## CIRCUIT COURT OF FAIRFAX COUNTY

Hart Conover, Inc.

v.

Benjamin J. Hart

September 10, 1998

Case No. (Chancery) 155921

BY JUDGE ARTHUR B. VIEREGG

On July 17, 1998, complainant, Hart Conover, Inc. (HC), sought and was granted a temporary injunction, *inter alia*, enjoining the respondent, Benjamin J. Hart, from performing services, directly or indirectly, for the Christian Coalition, pending the conclusion of the parties' pending arbitration. At the heart of the motion was HC's contention that Hart's violation of a non-compete clause would deprive HC of "incalculable, nonrecoverable lost *profits* and donor goodwill." *See* HC Motion for Temporary Injunction, 2 (emphasis added). At that hearing, HC contended *its* direct mail fund-raising services to clients would be competitively injured by Hart's provision of services to a competitor of its clients, the Christian Coalition. At the injunction hearing, Mr. Leckar stated "irreparable injury will be visited on my client" (referring to HC) if Hart furnished services to the Christian Coalition. Transcript of 8/17/98 at 6. And, he made plain that the injury upon which he was relying was an injury to HC, if Hart provided fund-raising services for the Coalition, because the Coalition competed with HC's clients, including the Christian Defense Fund. Tr. at 7, 21. On the basis that HC's for-profit business would be injured and on the basis of other arguments presented, including the parties' arbitration agreement in a non-compete contract, this court entered the July 17, 1998, injunction.

At the July 17 hearing, HC's counsel did not divulge either that HC and the Christian Defense Fund had agreed to merge on June 25, 1998, or that the

merger had become effective on July 16, 1998.[1] The fact of the merger came to my attention on Friday, August 28, in papers filed in a companion case, *Christian Defense Fund v. Stephen Winchell & Assoc., Inc.*, Fairfax Chancery No. 156665 Because it was evident that this court had granted extraordinary relief to HC, an entity merged out of existence, and because this court had granted such relief based on arguments of HC interests which did not exist when the July 17 injunction was ordered, this court invited counsel to my chambers on September 3 and set a hearing the following morning. In conjunction with these developments, complainant's counsel, Messrs. Leckar and Glassman, filed personal affidavits (and those of a former HC officer, Mr. Conover) averring they did not know the effective date of the merger at the time of the injunction hearing. The Christian Defense Fund has requested that the July 17 injunction be continued in its favor, and it has additionally requested a hearing to demonstrate that in the absence of such an extension of the injunction, it, as successor-in-interest to HC, will be irreparably harmed.

The Christian Defense Fund argues that it has an incontestable right to the continuance of the July 17 injunction against Hart. It relies principally on *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1361 (10th Cir. 1990), and upon Virginia Code § 13.1-897.4, which permits a corporate successor by merger to continue without abatement a suit brought by the merged corporation. This court finds the Christian Defense Fund's arguments unpersuasive.

Section 13.1-897.4 may authorize the Christian Defense Fund to pursue HC's suit against Mr. Hart. However, it does not follow that the Christian Defense Fund is automatically entitled to the benefit of an injunction granted on the basis of material facts withheld from the court or on the basis of fictitious business interests of an entity about to be or already merged out of existence.

Nor does this court find that the Tenth Circuit's decision in *Equifax* is compelling in these circumstances. That case involved one for-profit company, Equifax, which had acquired another, White and White. Before their merger, both had been engaged in the same for-profit audit and survey business for insurance companies. The injunction entered against Hitz, a former White and White employee, thus protected identical business interests. Identical interests are not involved in this case. Here, the supposed interests of HC and the interests of the Christian Defense Fund are related but different. HC supposedly was concerned about adverse and unfair competition by Mr. Hart

---

[1] Although HC had been merged out of existence, an injunction bond was filed with this court, executed on August 5, 1998, by HC as principal.

in providing direct mail fund-raising services to the Christian Coalition, thereby affecting HC's profits because the Christian Coalition would be better able to compete with its client, the Christian Defense Fund, for donor contributions. The Christian Defense Fund, however, was and is legally precluded from competing with Hart or his employer in the for-profit direct mail fund-raising services business. Indeed, it is a consumer of such services, although by virtue of the merger, it would seem it may not require outside providers of such services. Because HC's putative interests to be protected by the initial injunction differ from those of the Christian Defense Fund, they may not afford the basis for a continuation of the July 17 injunction in favor of the Christian Defense Fund. The Christian Defense Fund, of course, may, if it can, proceed in this suit or another to seek an injunction based upon its own interests. In essence, the fundamentally flawed premise of the Christian Defense Fund's position is that injunctive relief may be bartered in the mergers and acquisitions market, although the bases for the injunctive relief granted no longer exists. Of course, here that interest never existed.

In view of the above, I conclude the July 17 injunction was improvidently granted and was granted because of the Christian Defense Fund's concealment of material facts related to its plans to merge with HC. Stated somewhat differently, this court was misled as to the interests sought to be protected. It is now clear that HC was primarily a stalking horse for the true interests involved, those of the Christian Defense Fund. Counsel contends that neither they nor their client intended to mislead the court. Irrespective of the question of intent, there is no question that this court was misled and that the Christian Defense Fund had a duty to bring the pending merger to the attention of the court, especially given the arguments that an injunction was necessary to protect HC's business interests.

I have accordingly entered an order vacating the July 17th injunction. Counsel may file such exceptions as they deem appropriate. This order is without prejudice to the Christian Defense Fund to move for an injunction based upon a full disclosure of the facts related to its interests threatened by Hart's alleged violation of the non-compete clause. It is also without prejudice to Mr. Hart to seek damages to which he may be entitled under the injunction bond filed.